FILED
February 26, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____ JU
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **FERNANDO JOAO FUTI,** <br> A# 203 628 451, <br><br> Petitioner, <br><br> v. <br><br> **MONTY WILKINSON, Acting United States Attorney General; ALEJANDRO MAYORKAS, Secretary, United States Department of Homeland Security; JOSE M. CORREA SR., Field Operations Director, United States Immigration and Customs Enforcement, Office of Detention and Removal Operations; and RAY CASTRO, Warden, South Texas Ice Processing Center,[1]** <br><br> Respondents. | § § § § § § § § § § § § § § § § § § § § § | SA-20-CV-01069-OLG |

## ORDER OF DISMISSAL

Before the Court is Petitioner Fernando Joao Futi's ("Futi") *pro se* 28 U.S.C. § 2241 Amended Petition for Writ of Habeas Corpus and Respondents' Response and Motion for Summary Judgment. (ECF Nos. 15, 24). Upon review, the Court orders Futi's Amended Petition and Respondents' Response and Motion for Summary Judgment **DISMISSED WITHOUT PREJUDICE AS MOOT**. (ECF Nos. 15, 24). The Court also orders Futi's Amended Petition **DISMISSED WITHOUT PREJUDICE FOR WANT OF PROSECUTION**. (ECF No. 24).

---

[1] Rule 25(d) of the Federal Rules of Civil Procedure allows for the automatic substitution of an official's successor for an official sued in his official capacity. FED. R. CIV. P. 25(d). Alejandro Mayorkas is now the Secretary of the United States Department of Homeland Security. Accordingly, the Clerk of Court is directed to change the style of the case to reflect this change as set out in the style of this Order.

## ANALYSIS

### *Dismissal Without Prejudice as Moot*

"Article III of the Constitution limits federal 'Judicial Power,' to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot, depriving the Court of power, "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). A party must continue to have a personal stake in the outcome of the lawsuit. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). In other words, a party seeking relief must have suffered, or be threatened with, an actual injury that is likely to be redressed by a favorable judicial decision. *Id.* In the absence of an actual injury that is likely to be redressed by a favorable judicial decision, the matter becomes moot and subject to dismissal. *See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990).

In his original and Amended Petitions, Futi requested that he be released from detention. (ECF Nos. 1, 24). Using the Immigration and Customs Enforcement ("ICE") "Online Detainee Locator System," operated by the Department of Homeland Security, the Court has determined Futi is no longer detained by ICE. https://locator.ice.gov/odls/#/results. (last visited Mar. 1, 2021). The locator system returned "zero (0) matching records" in response to a search using both Futi's "A–Number" and country of origin and his name and country of origin. *Id.* Because he is no longer detained, the relief he seeks is no longer available. In other words, the Court can no longer redress his alleged injury with a favorable judicial decision, rendering his Amended Petition moot and subject to dismissal. *See Spencer*, 523 U.S. at 7.

*Dismissal Without Prejudice for Want of Prosecution*

Upon initial review, the Court found Futi failed to sign his original Petition. (ECF No. 1). Accordingly, on October 29, 2020, the Court ordered the Clerk of Court to return the original Petition to Futi and ordered Futi to sign it and return it to the Clerk of Court immediately. (ECF No. 16); *see Bergeron v. Unknown Deputy Clerk*, No. C19-874 BJR, 2019 WL 2453403, at *3 (W.D. Wash. May 14, 2019) (holding district court may refuse to file or may dismiss unsigned and unverified petition) (citing *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (discussing habeas petition deficiencies)). However, on November 5, 2020, the Court's Order and the original Petition were returned to the Court with the notation "RETURN TO SENDER; NOT DELIVERABLE AS ADDRESSED; UNABLE TO FORWARD; NO LONGER HERE." (ECF Nos. 17, 18).

When Futi filed his original Petition, he was confined in the South Texas ICE Processing Center. (ECF No. 1). On November 20, 2020, Respondents filed an Advisory with the Court regarding the status of Futi's pending removal. (ECF No. 19). In the attached certificate of service, Respondents identified Futi's address as the Limestone County Detention Center. (*Id.*). Because it appeared Futi's address had changed, and despite his failure to update his address as required, on January 4, 2021, the Court once again ordered the Clerk of Court to return the original Petition to Futi, this time at the Limestone County Detention Center. (ECF No. 20). In that same Order, Futi was ordered to: (1) immediately sign and verify the returned original Petition and return it to the Clerk of Court no later than February 3, 2021; and (2) provide this Court with his current address. (*Id.*).

On January 25, 2021, Futi filed a notice with his current address, which at that time was the Limestone County Detention Center. (ECF No. 22). Futi also filed an Amended Petition. (ECF No. 24). However, the Amended Petition, like the original, was neither signed nor verified. (*Id.*). Thus, Futi failed to comply with this Court's January 4, 2021 Order. (ECF No. 20).

On January 27, 2021, the Court ordered the Clerk of Court to return the Amended Petition to Futi and ordered Futi to sign, verify, return it to the Clerk of Court no later than February 3, 2021. (ECF No. 25). Futi did not comply. Moreover, the Court's January 27, 2021 Order was returned as "RETURN TO SENDER/NOT DELIVERABLE AS ADDRESSED/UNABLE TO FORWARD." (ECF Nos. 27, 28). As noted above, the Court searched for Futi using the Immigration and Custom Enforcement online locator service and discovered he is no longer detained by ICE and is therefore no longer in the Limestone County Detention Center. *See* https://locator.ice.gov/odls/#/results. However, Futi has failed to notify this Court of any change of address as he was advised to do in this Court's September 10, 2020 opening letter. (ECF No. 2). The letter warned Futi that if he did not keep the Court apprised of his current address it could result in dismissal of his case for want of prosecution. (*Id.*).

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a district court may *sua sponte* dismiss an action for failure to prosecute or for failure to comply with any court order. *Griggs v. S.G.E. Mgmt., LLC*, 905 F.3d 835, 844 (5th Cir. 2018); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *see* FED. R. CIV. P. 41(b). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626, 629 (1962)). The orderly and expeditious disposition of cases requires that

4

if a litigant's address changes, he or she has a duty to inform the court of the change. *Salazar v. Wallace*, No. 1:13CV447, 2019 WL 1065142, at *1 (E.D. Tex. Feb. 14, 2019), *report and recommendation adopted*, No. 1:13-CV-447, 2019 WL 1062567 (E.D. Tex. Mar. 6, 2019). It is neither feasible nor required that a clerk of court take it upon himself or herself to maintain current address on the parties to pending action. *Id.* Rather, it is the responsibility of the parties—*pro se* or otherwise—to inform the court of changes of address given that communications between a court and litigants is principally conducted by mail. *Id.* Moreover, parties to an action are obligated to make timely status inquiries and in so doing, would *per force* provide address changes as those would be reflected in any written inquiry. *Id.*

By failing to comply with the Court's January 27, 2021 Order and failing to provide this Court with his current address as required by the Court's letter and case law interpreting Rule 41(b), Futi has prevented this Court from communicating with him and moving this case towards resolution. He has, therefore, failed to diligently prosecute this case as required. Accordingly, based on his failure to comply with the January 27, 2021 Order and his failure to provide the Court with a current address, this case is subject to dismissal for want of prosecution pursuant to Rule 41(b). *See* FED. R. CIV. P. 41(b).

## CONCLUSION

Futi is no longer detained by ICE, rendering his section 2241 Petition moot and subject to dismissal. Additionally, Futi has failed to notify the Court of his change of address and failed to respond to this Court's Order requiring that he sign and return his Amended Petition, subjecting his case to dismissal for want of prosecution.

**IT IS THEREFORE ORDERED** that Petitioner Fernando Joao Futi's 28 U.S.C. § 2241 Amended Petition for Writ of Habeas Corpus (ECF No. 24) is **DISMISSED WITHOUT PREJUDICE AS MOOT**.

**IT IS FURTHER ORDERED** that Petitioner Fernando Joao Futi's 28 U.S.C. § 2241 Amended Petition for Writ of Habeas Corpus (ECF No. 24) is **DISMISSED WITHOUT PREJUDICE** for want of prosecution pursuant to FED. R. CIV. P. 41(b).

**IT IS FINALLY ORDERED** that Respondents' Response and Motion for Summary Judgment (ECF No. 15) is **DISMISSED WITHOUT PREJUDICE AS MOOT**.

**SIGNED** February _26_, 2021.

**Orlando L. Garcia**
**Chief United States District Judge**